J-S09012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW JAMES PUDUP | |
| Appellant | No. 1235 MDA 2015 |

Appeal from the Judgment of Sentence July 2, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001557-2008

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

DISSENTING MEMORANDUM BY LAZARUS, J.:          **FILED MAY 20, 2016**

I respectfully disagree with the majority's conclusion that the Commonwealth presented sufficient evidence to support Pudup's conviction for indirect criminal contempt.

A review of the transcript of the July 2, 2015 hearing indicates that no witnesses were sworn in, no stipulations were offered into evidence and the court was not asked to take notice of records related to any of the elements of contempt.  Rather, the attorney for the Commonwealth set forth the facts of the case, and Pudup and his counsel answered some questions about Pudup's financial situation, homelessness and his difficulties in finding and keeping a job.  At the conclusion of the proceedings, the transcript of which consists of 8½ pages, the court found Pudup in indirect criminal contempt,

and ordered him to pay $300.00 by September 1, 2015, and $50.00 per month starting in September.

"It is well settled that attorney's statements or questions at trial are not evidence." ***Commonwealth v. Freeman***, 827 A.2d 385, 413 (Pa. 2003) (citation omitted). With no evidence, and only inferences to support the trial court's verdict, the verdict cannot stand.

Accordingly, I would remand this matter to the trial court for a hearing, and direct the court to be mindful of Pa.R.Crim.P. 706, which provides:

**Rule 706.  Fines or Costs**

(A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

(B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.

(C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

(D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has

deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706.